IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHNNIE RAY HAWTHORNE                                                          PETITIONER

       v.                               Civil No. 4:09-cv-4028

LARRY NORRIS, Director,
Arkansas Department of Correction                                              RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      Petitioner, JOHNNIE RAY HAWTHORNE, an inmate confined in the Arkansas Department of Corrections, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**Procedural Background**[1]:

      On January 14, 1997, Petitioner was convicted by a jury of attempted rape and possession of drug paraphernalia in the Circuit Court of Miller County, Arkansas. Petitioner was sentenced to a total of forty (40) years imprisonment.[2] His conviction and sentence were affirmed by the Arkansas Court of Appeals on March 18, 1998. *See Hawthorne v. State*, No. CACR 97-1021, 1998 WL 128743 at *1 (Ark. March 18, 1998).

      On April 4, 1998, he filed a petition for post-conviction relief in the Miller County, Arkansas, Circuit Court. This petition was denied on June 22, 1998. Petitioner did not file a notice of appeal

---

[1]The procedural background is taken from the Court's Docket entries from this case and from the pleadings filed in Cause Nos.

[2]Petitioner was sentenced to thirty (30)years for attempted rape and ten (10) years for possession of drug paraphernalia.

with the Circuit Clerk but rather filed a Motion for Belated Appeal with the Arkansas Supreme Court. The motion for belated appeal was denied. *See Hawthorne v. State*, No. CR98-1434 1999 WL 239873 at *1 (Ark. April 22, 1999).

Subsequently, Petitioner filed four petitions for relief pursuant to 28 U.S.C. § 2254. *See Hawthone v. Norris*, Cause No. 4:01-cv-4074 (W.D. Arkansas 2001)(dismissed as barred by statute of limitations); *Hawthone v. Norris*, Cause No. 5:03cv-560 (E.D. Arkansas 2003)(dismissed as to allow Petitioner to seek permission to file successive petition); *Hawthone v. Norris*, Case No. 4:06-cv-4098 (W.D. Arkansas 2006)(dismissed as an unauthorized successive petition); and *Hawthone v. Norris*, Case No. 4:07-cv-4074 (W.D. Arkansas 2007)(dismissed as an unauthorized successive petition). In the last case, the Petitioner was specifically directed "**that prior to filing a § 2254 Petition in this Court he must first obtain permission of the United States Court of Appeals for the Eighth Circuit**." Petitioner was also warned that he would be sanctioned for failing to follow the rules governing §2254 cases and the directives of this court.

**Discussion**:

On April 9, 2009, Petitioner filed the instant and ***fifth*** petition for writ of *habeas corpus* pursuant to § 2254, again seeking relief from his 1997convictions in Miller County Circuit Court. As he did in his previous petition filed in this court, Petitioner files a "Form No. 9" along with his petition ostensibly to explain why his new petition should not be barred as a successive petition. As in his previous petition in this court Petitioner asserts in a "Form No. 9" that his petition is not successive. According to Petitioner, this new petition is not successive because he has "new evidence" and because he was convicted with "false evidence" at his 1997 trial. In support of his

claim of new evidence and false evidence, he cites to various portions of his trial court transcript. He again claims his trial counsel was ineffective and again claims certain witnesses testified falsely. Each piece of "new evidence" relied on by Petitioner to avoid a dismissal as a successive petition is found in the record of the underlying criminal trial. Such evidence is not "new evidence."

Petitioner is again attacking the same convictions that were at issue in his four previous § 2254 petitions. Petitioner has been warned on more than one occasion that failure to seek permission prior to filing a successive petition for *habeas corpus* relief will result in dismissal and sanctions.

Rule 9 governing § 2254 cases provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

Similarly § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The Eighth Circuit Court of Appeals has stated "[s]ection 2244 requires dismissal of a second or successive petition unless the claim raised asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003). The general bar against abusive or successive claims therefore extends to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition.

Here, Petitioner makes no new argument nor does he allege new facts demonstrating his actual innocence of the underlying offense, which could not have been discovered prior to the filing

of his first petition. Further, Petitioner demonstrates no "new rule of constitutional law" applicable to his case. Therefore, the instant Petition is a "successive petition." Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this successive petition, despite repeated warnings from this Court and other courts to do so. Petitioner may not file a successive petition in this Court without the permission of the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). The Petitioner has not shown that he has sought or received permission from the Eighth Circuit to file the present petition. The petition should thus be dismissed.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant petition be denied and dismissed.[3] Further, pursuant to 28 U.S.C. §1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith. I also recommend that Petitioner be sanctioned for filing this, his *fifth*, petition and that the clerk be directed not to accept any future filings from the Petitioner, unless he first obtains permission from the Eighth Circuit Court of Appeals or this Court to do so. Should Petitioner seek to file any future pleadings with the Clerk, without first obtaining specific permission to file said pleading, the clerk of this Court should be directed to return those pleadings to the Petitioner without filing same.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316 (8th Cir.1984).

**may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **28th day of April, 2009.**

                                                   /s/ Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  U.S. MAGISTRATE JUDGE